GEORGE F. HEWETT *vs.* GEORGE SESSIONS.

Worcester. October 7. — December 11, 1875. AMES, J., absent.

In an action to recover for the conversion of a part of the furniture in a hotel, it appeared that the defendant was the owner of the hotel, and that the plaintiff had succeeded to the title to the furniture, which C., who carried on business in the hotel, had. One witness testified that he bought all the property in the hotel; that he used it, and told C. that he could take away a certain portion of the furniture, but nothing else. It appeared that no obstacle was put by the defendant in the way of the removal of all the furniture in suit. *Held,* that in the absence of evidence that the witness acted as the agent of the defendant, or bought the property of him, the defendant was not liable.

TORT for the conversion of furniture. Trial in the Superior Court, before *Dewey,* J., who after verdict reported the case to this court in substance as follows :

The defendant was the owner of a hotel, and one Camp carried on the same from May 12, to September 13, 1869, and the property alleged to have been converted was the furniture in the hotel. The plaintiff claimed title to the same under a mortgage given him by Camp, on September 13, 1869, and subsequently foreclosed, and it was admitted that whatever title Camp had on that day had vested in the plaintiff.

The case was referred to an auditor, who made his report, dividing the property into four classes, marked schedules C, D, F and G, and finding the value of the property in each schedule, which finding as to the value was agreed to be correct. At the trial the plaintiff did not claim to recover for the property enumerated in schedule C. As to the property in D, each party claimed that the title was in himself.

As to the property in schedule G, the defendant denied that he had ever converted it to his own use. The evidence as to the conversion of the property contained in this schedule was as follows : Camp testified that he left the hotel September 13, 1869 that soon after he left, two schedules of the property therein were made by the defendant and one Roberts that the schedules purported to contain all the property in the hotel ; that they were marked C and D; that C contained that which the defendant did not claim, and D that which the defendant did claim as his own ; that the property in G of the auditor's report was not contained

in either of the original schedules; that in July, 1870, he sent a letter to Roberts, then in occupation of the hotel, notifying him that he should attend on July 5, 1870, to take away the property in the hotel belonging to him; that he did so attend with teams; that the defendant and Roberts went away after he got there that day, were gone about an hour, and when they came back said he might take away what was contained in C.

On cross-examination he said that no obstacle was put in his way to taking any of the property not contained in the original schedule D; that he picked out the property not claimed by the defendant, and carried away three or four loads; that he went for the purpose of taking away all the property that he left in the hotel that he put in; that he designated in his letter to Roberts all the property he put in; that Roberts gave him leave to take all the property he claimed. " Roberts said he was willing we should take out what Sessions did not claim. Our intention was to carry off the property Sessions did not claim as his. There were no obstacles to our taking away anything that was not in Sessions's schedule D."

James Roberts, called by the plaintiff, testified, that he bought all the furniture in the hotel and gave his notes for it all. That contained in C he bought conditionally, and used it all; that soon after September 15, 1869, he gave notice to Camp that he was at liberty to take all the property he claimed away from the hotel; that he assisted in making the original schedules; that he received from Camp the notice in July, 1870, referred to in Camp's testimony; that he told him when he came that he could take away all that was contained in C, and nothing else; that no obstacle was put in Camp's way to prevent his taking all not contained in D.

The defendant testified that when Camp came to take away the furniture he gave him liberty to take all his (Camp's) property; that he never exercised any control over any part of the property, except what was in D.

Waldo Sessions, son of the defendant, testified that his father told Camp in July, 1870, when he came to take away the property, to take all that belonged to him, but to be careful and not take anything else.

The defendant requested the judge to rule that there was no evidence to authorize the jury to find the conversion of the property contained in G. The judge declined so to rule, and submitted the question to the jury, reserving the question as to the correctness thereof ; and instructed the jury : " That, as to the articles in schedule G, the plaintiff cannot recover, even if he owned them, unless there is evidence that satisfies you that the defendant made claim to those articles, or hindered the plaintiff from removing them. The fact that Sessions leased the building to Roberts would not make Sessions liable for the conversion of the property therein."

The jury found for the plaintiff for the property included in schedules F and G. If there was not sufficient evidence of conversion of the property in G. to authorize the jury to find the same, then the sum of $199.25 was to be deducted from the verdict and judgment rendered for the balance; otherwise judgment on the verdict.

*G. F. Verry & F. A. Gaskill,* for the defendant.

*F. P. Goulding,* for the plaintiff.

COLT, J. The only question is as to the sufficiency of the evidence to prove a conversion of the property named in schedule G. The only evidence which shows interference with the property there described on the part of anybody except the plaintiff and the witness Camp, comes from the testimony of Roberts, who says that he bought all the property in the hotel ; that he used it all, and told Camp that he could take away all which was contained in schedule C, but nothing else.

The difficulty is that there is no evidence that Roberts was acting as the agent of the defendant, or had authority to speak for him, or that he bought the property of him, or that he in any way exercised any act of ownership or control over it. On the contrary, it appears that no obstacle was put by the defendant in the way of the removal of all the property in question. There is no evidence by which it can fairly be inferred that the defendant sold and delivered the property to a third person and received pay for it.

According to the terms of the report the value of the property contained in the schedule in question is to be deducted from the verdict, and judgment rendered for the balance only.

*Judgment accordingly.*